William SOILEAU, Jr., Appellant,

v.

Lisa BOWMAN, Appellee.

No. 2011–CA–001230–ME.

Court of Appeals of Kentucky.

Oct. 19, 2012.

Elmer J. George, Lebanon, KY, for Appellant.

Bobbi Jo Lewis, Lawrenceburg, KY, for Appellee.

Before NICKELL, TAYLOR, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

William Soileau, Jr. appeals from the Anderson Family Court's order denying his CR[1] 60.02(e) motion to set aside the prior orders and judgments in the dissolution action filed by his ex-wife, Lisa Bowman, for lack of personal jurisdiction. Finding the court lacked personal jurisdiction over William, we reverse the order and remand this matter to the family court.[2]

William and Lisa previously resided, as husband and wife, in Harris County, Texas with their minor child. After the parties separated, Lisa and the child relocated to Kentucky. Lisa filed the underlying petition for dissolution of their marriage in Shelby Circuit Court on June 21, 2005. After unsuccessfully serving William, the Shelby Circuit Court appointed a warning order attorney to constructively serve William. Thereafter, on March 29, 2006, the Shelby Circuit Court entered a temporary

---

1. Kentucky Rules of Civil Procedure.

2. William also appeals from the family court's order denying his CR 59.05 motion to alter, amend, or vacate the prior orders in the underlying case. We find the court erred by not granting his CR 60.02 motion, and as a result will not address the CR 59.05 motion.

order awarding custody of the minor child to Lisa and requiring William to pay child support in the amount of $1096.50 per month.

William made child support payments in amounts ranging from $100 to $300 beginning in April 2006. On June 8, 2006, the Shelby Circuit Court entered a final decree of dissolution establishing child support in the amount of $1096.50 per month, and settling other issues between the parties. The Shelby County Attorney's Office intervened in the action, and filed a motion for a judgment on the arrearage. In December 2006, the Shelby Circuit Court entered an arrearage judgment against William in the amount of $6,815. Thereafter, the underlying case was transferred to the Anderson Family Court, which issued a warrant to arrest William for flagrant nonsupport.[3] On February 1, 2011, William moved the family court to set aside previous orders pursuant to CR 60.02(e) on the basis that each was void for lack of personal jurisdiction. The family court denied his motion as untimely. This appeal followed.[4]

On appeal, William argues the trial court abused its discretion by denying his CR 60.02(e) motion to set aside the judgments and orders in the underlying proceeding for lack of personal jurisdiction. We agree.[5]

■■■ CR 60.02(e) provides an avenue by which a party may move the court to relieve it from a judgment, order, or proceeding on the basis that the judgment is void. A trial court's denial of a motion for CR. 60.02 relief is reviewed for an abuse of discretion. *Commonwealth v. Bustamonte,* 140 S.W.3d 581, 583 (Ky.App.2004) (citation omitted). An abuse of discretion occurs if the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge,* 146 S.W.3d 909, 914 (Ky.2004) (citation omitted).

■■■ The trial court denied William's motion on the basis that he failed to bring the motion within a reasonable time. CR 60.02 provides "[t]he motion shall be made within a reasonable time[.]" While trial courts are afforded discretion to address what constitutes a reasonable time under CR 60.02, *see Gross v. Commonwealth,* 648 S.W.2d 853, 858 (Ky.1983), the law is clear that void judgments are "not entitled to any respect or deference by the courts." *Foremost Ins. Co. v. Whitaker,* 892 S.W.2d 607, 610 (Ky.App.1995) (citation omitted). Despite a court's discretion to determine a reasonable time period to file a CR 60.02 motion, "[a] void judgment is a legal nullity, and a court has no discretion in determining whether it should be set aside." *Id.* (citing Bertelsman and Philips, *Kentucky Practice,* CR 60.02, Vol. 7, p. 396 (4th ed.1984)). *See also Rogers Group, Inc. v. Masterson,* 175 S.W.3d 630, 635 (Ky.App.2005) (a void judgment cannot acquire validity with the passage of time).

■■■ A court must have personal jurisdiction to hear a matter affecting a specific person. *Nordike v. Nordike,* 231 S.W.3d 733, 737 (Ky.2007) (citation omitted). Here, William argues the trial court lacked personal jurisdiction to enter a judgment

---

**3.** At that time William's arrearage was $49,758.50.

**4.** The Commonwealth brings this appeal on behalf of Lisa.

**5.** William also argues on appeal that the Anderson Family Court judge should have disqualified himself due to his relation to the warning service attorney; however, since we find the court lacked personal jurisdiction over William and reverse the court's order denying his CR 60.02 motion, we will not address this issue.

or order affecting him personally because service of process was insufficient. The record in this case reveals that William was constructively summoned by a warning order attorney, and the trial court's order denying William's CR 60.02 motion states that constructive service was insufficient. KRS[6] 454.165 provides that "[n]o personal judgment shall be rendered against a defendant constructively summoned, and who has not appeared in the action, except as provided in KRS 454.210." Absent an appearance by the party, constructive service alone is not sufficient to subject nonresidents to a personal judgment by a court of this state. *Dalton v. First Nat. Bank of Grayson,* 712 S.W.2d 954, 958 (Ky.App.1986) (citing KRS 454.165). In *Smith v. Gadd,* 280 S.W.2d 495, 497 (Ky.1955), the term appearance was described as arising "by implication from the defendant's seeking, taking, or agreeing to, some step or proceeding *in the cause,* beneficial to himself or detrimental to the plaintiff, other than one contesting jurisdiction only." (quoting 13 Am. Jur., Appearances, § 10.)

 The Commonwealth also maintains that both KRS 454.210 and KRS 407.5201 permit the court to exercise personal jurisdiction over William. KRS 454.210, a Kentucky long-arm statute, allows a court of this state to exercise personal jurisdiction over a nonresident who has engaged in certain activities that create the minimum contacts with the Commonwealth to satisfy due process requirements. *Perry v. Cent. Bank & Trust Co.,* 812 S.W.2d 166, 168 (Ky.App.1991) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) and *Mohler v. Dorado Wings, Inc.,* 675 S.W.2d 404, 405 (Ky.App.1984)). Kentucky recently adopted the Uniform Interstate Family Support Act, generating KRS 407.520, which allows Kentucky to claim long-arm jurisdiction on eight different grounds in proceedings for support orders. Of importance to the case at bar, the Commonwealth claims KRS 407.520(5) provides the family court with jurisdiction over William because their child resides in Kentucky due to the acts or directives of William.

William maintains he never appeared in the action to satisfy the requirements of KRS 454.165. Conversely, the Commonwealth argues that William appeared in the action and waived any defect in personal jurisdiction by making payments of child support between April and October 2006, and on one occasion his lawyer corresponded with the Shelby County Attorney's Office. The payments made by William, however, do not conform to the trial court's child support order, and no evidence was submitted that William's actions were at the court's directive. In light of Kentucky's definition of an "appearance," William's actions do not constitute steps taken which are either beneficial to him, or detrimental to Lisa, within the context of the proceeding. *See Smith,* 280 S.W.2d at 497 (citation omitted) (holding that "the mere physical presence of a party or his attorney in the court room during some phase of the proceedings does not constitute an entry of appearance[ ]"), and *Miller v. McGinty,* 234 S.W.3d 371, 376 (Ky. App.2007) (holding that a defendant's knowledge that a divorce action was pending against him did not constitute a voluntary appearance in the absence of service of process). In addition, no evidence was submitted in support of a finding, nor do we find any reason to conclude, that William has had any contact with the Commonwealth to subject him to the purview of the long-arm statute or that William's actions caused the parties' child to reside

6. Kentucky Revised Statutes.

in the Commonwealth. The Commonwealth alleges the parties agreed Lisa would return to Kentucky, but we fail to appreciate how William's actions caused the move to Kentucky to subject him to personal jurisdiction in this state for matters of support. As a result, the trial court did not exercise personal jurisdiction over William, and thus the orders affecting him are void.

The order from which this appeal is taken is reversed, and this case is remanded to the Anderson Family Court to set aside the personal judgments against William as void.

ALL CONCUR.