RENDERED: APRIL 8, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0219-MR

ROBERT G. HICKS, INDIVIDUALLY;
AND ROBERT G. HICKS,
TRUSTEE OF THE ROBERTA
CHERRY HICKS TESTAMENTARY TRUST          APPELLANTS


APPEAL FROM CHRISTIAN CIRCUIT COURT
v.          HONORABLE ANDREW SELF, JUDGE
ACTION NO. 20-CI-00875


CITY OF HOPKINSVILLE, SEWERAGE
AND WATER WORKS COMMISSION,
D/B/A HOPKINSVILLE WATER
ENVIRONMENT AUTHORITY                    APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Robert G. Hicks, individually, and Robert G. Hicks,

Trustee of the Roberta Cherry Hicks Testamentary Trust (together referred to as

"Appellant"), appeal from an interlocutory order and judgment of the Christian Circuit Court, and from an order denying a motion to strike the interlocutory order and judgment. Appellant argues that the Christian Circuit Court erred in failing to rule that service of process was not properly accomplished, and that the circuit court therefore lacked jurisdiction to sustain a petition for condemnation filed by City of Hopkinsville, Sewerage and Water Works Commission, d/b/a Hopkinsville Water Environment Authority ("Appellee"). For the reasons addressed below, we reverse the interlocutory opinion and judgment insofar as it holds that Appellee properly served the Trust, affirm it in all other respects, and remand the matter for further proceedings. Further, we affirm the order denying Appellant's motion to strike.

## FACTS AND PROCEDURAL HISTORY

In approximately 2017, Appellee sought to begin construction of a public water main adjacent to Highway 41A in Christian County, Kentucky. Prior to commencing construction, Appellee tried to obtain several utility easements from affected landowners along the path of the construction. Appellant owns one of those parcels.

Appellant and Appellee engaged in a series of written communications over the years that followed. Despite diligent effort, Appellee was unable to persuade Appellant to grant the necessary easement. In order to

-2-

move the project forward, on November 17, 2020, Appellee filed a petition for condemnation in Christian Circuit Court seeking to secure a utility easement on Appellant's parcel pursuant to Kentucky Revised Statutes ("KRS") Chapter 416 (eminent domain).

Appellee then sought to serve Appellant, who resides in Florida. Pursuant to KRS 454.210, Appellee prepared summonses to be served by and through the Kentucky Secretary of State. The summons to Mr. Hicks in his individual capacity was mailed by the Secretary of State to an address in Leesburg, Florida, while the summons to Mr. Hicks, Trustee, was mailed to an address in Jacksonville, Florida. Both mailings were sent via certified mail with a return receipt requested.

Thereafter, the Kentucky Secretary of State received notice from the United States Postal Service that the summons addressed to Mr. Hicks, Trustee, was undeliverable. The summons mailed to Mr. Hicks, individually, was presumed to have been delivered, though the Secretary of State did not receive a signed return receipt.

Having received no response from Appellant, on January 11, 2021, Appellee filed a motion for interlocutory order and judgment pursuant to KRS 416.610. Appellee attempted to serve Appellant with this motion at the same

addresses previously used. Mr. Hicks, individually, received in the mail a copy of the motion.

On January 21, 2021, Appellant contacted counsel for Appellee and stated that he had received Appellee's motion, but was never served with the underlying petition. Appellee, through counsel, then emailed to Appellant all prior pleadings. Appellant immediately filed a motion to dismiss the petition for lack of proper service.

On January 22, 2021, the Christian Circuit Court entered the interlocutory order and judgment pursuant to KRS 416.610. The order and judgment stated that Commissioners had been appointed per KRS 416.580, and that Appellant had been properly served with the summons and petition. The court ordered that Appellee could take possession of the property after payment of $21,000 to the clerk of court. On January 26, 2021, the court denied Appellant's motion to dismiss.

Finally, on February 1, 2021, Appellant filed a motion to reconsider, along with a supportive affidavit, in which he asserted that he had never been served with the petition in either his individual or Trustee capacities. A hearing on the matter was conducted on February 17, 2021, resulting in an order denying the relief sought. This appeal followed.

## STANDARD OF REVIEW

The circuit court's factual findings shall not be disturbed unless they are clearly erroneous, *i.e.*, not supported by substantial evidence. Kentucky Rules of Civil Procedure ("CR") 52.01; *Mays v. Porter*, 398 S.W.3d 454, 458 (Ky. App. 2013). The application of Kentucky's long arm statute, KRS 454.210, to the facts is a question of law which we review *de novo*. *Worrell v. Stivers*, 523 S.W.3d 436, 439 (Ky. App. 2017).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Christian Circuit Court committed reversible error in rendering the interlocutory order and judgment sustaining Appellee's petition, and from the order denying a motion to strike the interlocutory order and judgment.[1] He argues that the interlocutory order and judgment were made on the knowingly false representations of Appellee's counsel to the circuit court that process had been properly served on Appellant on a date certain. According to Appellant, Appellee made this claim despite counsel's knowing that 1) service to the Trust was mailed to the wrong address and was returned as undeliverable, 2) Mr. Hicks, individually, and himself a licensed attorney, stated that he was not served,[2] and, 3) even though service to both locations was attempted by certified

---

[1] The parties agree that the interlocutory order and judgment are appealable.

[2] Later in the proceedings, Appellant submitted an affidavit that he never received the summons.

-5-

mail, neither of the green signature cards was returned to the Secretary of State. Appellant asserts that because proper service was not made, the circuit court was never vested with jurisdiction over Appellant, and committed a reversible error by allowing Appellee to condemn his property interest without due process. In the alternative, Appellant argues that his claim of improper service should have, at a bare minimum, required the circuit court to conduct an evidentiary hearing to determine if service had been made in conformity to the civil rules and the statutory law.

Appellant goes on to argue that Kentucky's long arm statute, KRS 454.210, is not applicable to the instant facts. In support of this argument, he directs our attention to *Caesars Riverboat Casino, LLC v Beach*, 336 S.W.3d 51 (Ky. 2011), and *Hinners v Robey*, 336 S.W.3d 891 (Ky. 2011), which he argues stand for the proposition that the application of the long arm statute is limited to the nine specific situations set out in KRS 454.210(2)(a)1.-9. The substance of this argument is that Appellee's petition did not arise from any of the activities, contracts, or circumstances identified in the long arm statute as an essential predicate for Kentucky's exercise of *in personam* jurisdiction over a nonresident. Appellant also notes that Appellee never asserted the applicability of the long arm statute until its response to Appellant's motion to reconsider. He further argues that even if the long arm statute is applicable, it cannot be satisfied by providing

the wrong mailing address to the Secretary of State. He argues that the failure of actual service on the Trustee is obvious because the Secretary of State and Appellee received notice that the attempted service was undeliverable.

Lastly, Appellant argues that Appellee's failure to properly serve the petition is a violation of his right to due process under the Fifth Amendment to the United States Constitution. Appellant asserts that Appellee's taking of his property interest without notice and in violation of the relevant statutory and case law constitutes an impermissible breach of his constitutional protection against property deprivation without due process of law. Citing a myriad of federal case law, Appellant argues that a state court may not exercise jurisdiction over persons and property absent a proper notice to all parties of the proceedings which affect their constitutional rights. Appellant's property interest, he argues, is clearly such a right, and the Christian Circuit Court's deprivation of this right without proper notice cannot stand. Appellant seeks an opinion and order declaring the circuit court's action void, and imposing sanctions based on the unnecessary amount of time and effort required to oppose the unlawful taking which could have easily been remedied via proper service.

In response, Appellee argues that it fully complied with the long arm statute by tendering to the Secretary of State the correct address for Mr. Hicks in his individual capacity – the same address through which the parties had

previously corresponded – and which was known to be a correct address. As to the failure to serve Mr. Hicks, Trustee, Appellee asserts that no harm can be found as Mr. Hicks, individually, and Mr. Hicks, Trustee, are the same person. Notice to one, Appellee argues, satisfies the notice requirement to the other. Appellee distinguishes *Caesars Riverboat Casino, LLC* as inapplicable to the instant facts, and argues that Appellee strictly complied with the statutory scheme for giving notice to nonresidents via the long arm statute.

Appellee directs us to *Haven Point Enterprises, Inc. v. United Kentucky Bank, Inc.*, 690 S.W.2d 393 (Ky. 1985), in which jurisdiction was properly exercised over a nonresident even though no signed receipt was received for the mailing of notice. Appellee asserts that this holding is consistent with the general rule that a properly addressed mailing is presumed to have reached its destination. As applied herein, Appellee argues that we may presume that the notice served on Mr. Hicks, individually, reached its destination irrespective of the fact that no signed receipt was returned to the Secretary of State. Appellee requests an opinion sustaining the interlocutory order and judgment on appeal.

KRS 416.550 addresses a governmental entity's right to condemn a citizen's property interest. It states,

> [w]henever any condemnor cannot, by agreement with
> the owner thereof, acquire the property right, privileges
> or easements needed for any of the uses or purposes for
> which the condemnor is authorized by law, to exercise its

-8-

right of eminent domain, the condemnor may condemn such property, property rights, privileges or easements pursuant to the provisions of KRS 416.550 to 416.670. It is not a prerequisite to an action to attempt to agree with an owner who is unknown or who, after reasonable effort, cannot be found within the state or with an owner who is under a disability.

Kentucky's long arm statute, KRS 454.210, provides that,

(1) As used in this section, "person" includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who is a nonresident of this Commonwealth.

(2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

> 1. Transacting any business in this Commonwealth;
>
> 2. Contracting to supply services or goods in this Commonwealth;
>
> 3. Causing tortious injury by an act or omission in this Commonwealth;
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business

or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8. Committing sexual intercourse in this state which intercourse causes the birth of a child when:

       a. The father or mother or both are domiciled in this state;

       b. There is a repeated pattern of intercourse between the father and mother in this state; or

       c. Said intercourse is a tort or a crime in this state; or

9. Making a telephone solicitation, as defined in KRS 367.46951, or a charitable solicitation as defined in KRS 367.650 via telecommunication, into the Commonwealth.

(b) When jurisdiction over a person is based solely upon this section, only a claim arising from acts enumerated in this section may be asserted against him.

(3)(a) When personal jurisdiction is authorized by this section, service of process may be made:

1. In any manner authorized by the Kentucky Rules of Civil Procedure;

2. On such person, or any agent of such person, in any county in this Commonwealth, where he may be found; or

3. On the Secretary of State who, for this purpose, shall be deemed to be the statutory agent of such person.

(b) The clerk of the court in which the action is brought shall issue a summons against the defendant named in the complaint. The clerk shall execute the summons either by:

1. Sending by certified mail two (2) true copies to the Secretary of State and shall also mail with the summons two (2) attested copies of plaintiff's complaint; or

2. Transmitting an electronically attested copy of the complaint and summons to the Secretary of State via the Kentucky Court of Justice electronic filing system.

(c) The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The clerk shall make the usual return to the court, and in addition the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. Summons shall be deemed to be served on the return of the Secretary of State and the action shall proceed as provided in the Rules of Civil Procedure.

(d) The clerk mailing the summons to the Secretary of State shall mail to him, at the same time, a fee of ten dollars ($10), which shall be taxed as costs in the action. The fee for a summons transmitted electronically pursuant to this subsection shall be transmitted to the Secretary of State on a periodic basis.

(4) When the exercise of personal jurisdiction is authorized by this section, any action or suit may be

brought in the county wherein the plaintiff resides or where the cause of action or any part thereof arose.

(5) A court of this Commonwealth may exercise jurisdiction on any other basis authorized in the Kentucky Revised Statutes or by the Rules of Civil Procedure, notwithstanding this section.

Appellant acknowledges that Appellee has the statutory right to condemn real property within the geographic boundary of its jurisdiction. The first question for our consideration, then, is whether the long arm statute is the proper means by which to give notice to a nonresident condemnee. We must answer this question in the affirmative.

"[D]ue process requires . . . that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). As such, due process protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *Id.* at 319, 66 S. Ct. 154. By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit[.]" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

-13-

*Hinners*, 336 S.W.3d at 897 (footnote omitted).

Mr. Hicks, individually, and as Trustee, are separate and distinct "persons" as contemplated by KRS 454.210(1), and each has the necessary minimum contacts with the Commonwealth sufficient to invoke jurisdiction. These minimum contacts are found by virtue of Mr. Hicks' and the Trust's ownership interests in the parcel of real property located within the borders of the Commonwealth. The circuit court may properly exercise jurisdiction over a person who possesses a property interest within the Commonwealth. KRS 454.210(2)(a)6.

KRS 454.210(3)(a)3. establishes the Kentucky Secretary of State as the agent for nonresident persons, and describes the means by which process is served. The Secretary of State complied with this provision by sending separate certified mailings, return receipt requested, to Mr. Hicks at the two addresses provided by Appellee. Appellee properly relied on the long arm statute to attempt service of process on Mr. Hicks and the Trust.

The next question, then, is whether Mr. Hicks, individually, was properly served. KRS 454.210(3)(c), cited above, states:

> The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address

-14-

of the Secretary of State. The clerk shall make the usual return to the court, and in addition the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. ***Summons shall be deemed to be served on the return of the Secretary of State*** and the action shall proceed as provided in the Rules of Civil Procedure.

(Emphasis added.)

The record demonstrates that the Secretary of State performed the acts contemplated by the statute. Within seven days of receipt, the Secretary mailed the summons and petition to Mr. Hicks, individually, to the correct address by certified mail, return receipt requested. Mr. Hicks acknowledges that the address was correct, as it was the same address successfully used by Appellee to communicate with Appellant both before and after the filing of this action. The Secretary of State then made "a return" to the court, *i.e.*, an acknowledgement that the required acts were completed. While a signed return receipt would have left no doubt as to delivery, the lack of a receipt does not render the service invalid as the statute provides that the Secretary of State will attach the receipt "if any." *Id.*

"[A]ctual notice of the lawsuit is not required to effectuate service as long as it is done in compliance with the applicable statute." *HP Hotel Management, Inc. v. Layne*, 536 S.W.3d 208, 214 (Ky. App. 2017) (citing *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606, 607 (Ky. App. 1979)). Further, a recipient's inattention to the mail he receives does not constitute good cause for a finding of

lack of service.[3] *VerraLab Ja LLC v. Cemerlic*, 584 S.W.3d 284, 288 (Ky. 2019). As the Secretary of State complied with KRS 454.210(3)(c) by mailing the summons and petition to the correct address via certified mail, return receipt requested, and because the statute and the case law unambiguously provide that the summons is deemed served by the Secretary of State's return to the court, we find no error in the Christian Circuit Court's conclusion that Mr. Hicks, individually, was properly served.

We next turn to the question of whether Mr. Hicks, Trustee, was properly served. The certified mail sent to the Trust in Jacksonville, Florida, was returned to the Secretary of State as undeliverable. While KRS 454.210(3)(c) provides that service is effective when the Secretary of State reports to the court that the summons has been mailed and a return receipt (if any) received, implicit in the statutory language is the requirement that the summons must be mailed to the correct address. In the matter before us, notice to the Trust was not mailed to the correct address. As such, it was not possible that the Trust was properly served. The circuit court's finding that the Trust was properly served is clearly erroneous.

Complicating matters is the fact that Mr. Hicks, individually, is the same person as Mr. Hicks, Trustee. Appellee asserts that service on Mr. Hicks in

---

[3] There is no evidence that Mr. Hicks, individually, was inattentive to his mail, though he did acknowledge that he frequently travels and is not at home to see his mail.

his individual capacity effectively serves Mr. Hicks, Trustee, and that no harm has resulted therefrom. We disagree. We have no basis for concluding that service to Mr. Hicks, individually, in Leesburg, Florida, constitutes constructive service or other legal notice to Mr. Hicks, Trustee, sufficient to establish jurisdiction over the Trust. For purposes of ensuring that each party has received due process, service must be made on every person. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 320, 70 S. Ct. 652, 660, 94 L. Ed. 865 (1950). "No personal judgment shall be rendered against a defendant constructively summoned[.]" KRS 454.165. "Absent an appearance by the party, constructive service alone is not sufficient to subject nonresidents to a personal judgment[.]" *Soileau v. Bowman*, 382 S.W.3d 888, 891 (Ky. App. 2012). Therefore, service on Mr. Hicks, individually, does not constitute constructive service on the Trust.

Appellant's final argument is that the condemnation of his property rights without proper service violated his right to due process. Having determined that Mr. Hicks, individually, was properly served, this argument is moot. Further, we find no basis for imposing sanctions on Appellee.

## CONCLUSION

Appellee properly utilized Kentucky's long arm statute to attempt service of process on Appellant both individually and as Trustee. Mr. Hicks, individually, was properly served, as the Secretary of State posted the certified

-17-

mail to the correct address and otherwise complied with KRS 454.210(3)(c). The Roberta Cherry Hicks Testamentary Trust was not properly served, evinced by the returned mail from the United States Postal Service stating that the certified mail was undeliverable. Further, service of process on Mr. Hicks, individually, did not constitute constructive service on Mr. Hicks, Trustee.

Accordingly, we reverse the Christian Circuit Court's interlocutory order and judgment as to its finding that Mr. Hicks, Trustee, was properly served, and remand the matter for further proceedings. The Christian Circuit Court does not have jurisdiction over the Trust, nor its property interest within the Commonwealth, until Appellee serves process on Mr. Hicks, Trustee, at the correct address and in the manner prescribed by the long arm statute. Appellee, at its discretion, may again attempt such service. Appellee may not proceed with condemnation as against Appellant until jurisdiction is established. The interlocutory order and judgment are in all other respects affirmed, as is the January 26, 2021, order denying Appellant's motion to dismiss the petition and motion to strike the interlocutory order and judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert G. Hicks, *pro se*
Leesburg, Florida

BRIEF FOR APPELLEE:

Duncan Cavanah
Hopkinsville, Kentucky