RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1187-MR

KENNETH MALONE										APPELLANT


									APPEAL FROM JEFFERSON CIRCUIT COURT
v.								HONORABLE OLU A. STEVENS, JUDGE
									ACTION NO. 08-CR-003680


COMMONWEALTH OF KENTUCKY							APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

ACREE, JUDGE: Appellant, Kenneth Malone, appeals the Jefferson Circuit

Court's August 8, 2022 order denying him the relief he requested pursuant to CR[1]

60.02. Finding no error, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# BACKGROUND

The Commonwealth brought charges against Appellant for the November 22, 2008 murder of Montez Stewart. A jury found Appellant guilty and recommended a sentence of 32 years, which Appellant is currently serving. On direct appeal to the Kentucky Supreme Court, Appellant challenged his conviction on all merit-based grounds, including whether he had proper notice to prepare a defense and whether the jury instructions infringed on his constitutionally protected rights. A summary of the facts and the evidence the Commonwealth presented against Appellant can be found in *Malone v. Commonwealth*, 364 S.W.3d 121, 125-26 (Ky. 2008). The Kentucky Supreme Court affirmed his conviction, including on the aforementioned alleged errors, concluding: "Malone received a fundamentally fair trial . . . ." *Id.* at 134.

Sometime thereafter, Appellant filed an RCr[2] 11.42 motion challenging his attorney's conduct at trial. The circuit court rejected each of Appellant's arguments, and we affirmed the denial of this motion in *Malone v. Commonwealth*, No. 2014-CR-00463, 2015 WL 5896557, at *1 (Ky. App. Oct. 9, 2015).

---

[2] Kentucky Rules of Criminal Procedure.

On July 29, 2022, Appellant, acting *pro se*, filed a CR 60.02 motion for post-conviction relief – the subject of this appeal. The circuit court denied that motion. This appeal now follows.

## ANALYSIS

On appeal, Appellant alleges several errors, each of which we address in turn. We are not persuaded by any of Appellant's arguments.

*CR 60.02(e).*

First, Appellant alleges the circuit court erred in denying his CR 60.02 motion because the judgment against him is void. In denying this motion, Appellant claims the circuit court violated his rights guaranteed by the Fourteenth Amendment to the U.S. Constitution and § 11 of the Constitution of Kentucky.

Pursuant to CR 60.02(e):

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; . . . The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.

CR 60.02(e). In relevant part, the Fourteenth Amendment to the U.S. Constitution states:

-3-

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, § 2. Finally, § 11 of the Constitution of Kentucky reads: "The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." KY. CONST. § 11.

The Commonwealth argues that Appellant's CR 60.02 motion is untimely because it was filed nearly fourteen years after a jury convicted him. Additionally, the Commonwealth contends that, even if the motion had been timely, it would have been denied because the judgment is not void. We agree.

Appellant does correctly point out that "[w]hile trial courts are afforded discretion to address what constitutes a reasonable time under CR 60.02 . . . , the law is clear that void judgments are 'not entitled to any respect or deference by the courts.'" *Phon v. Commonwealth*, 545 S.W.3d 284, 306-07 (Ky. 2018) (quoting *Soileau v. Bowman*, 382 S.W.3d 888, 890 (Ky. App. 2012)). This is because, "[a] void judgment is a legal nullity, and a court has no discretion in determining whether it should be set aside." *Soileau*, 382 S.W.3d at 890 (citing *Foremost Ins. v. Whitaker*, 892 S.W.2d 607, 610 (Ky. App. 1995)).

The judgment of conviction against Appellant is in no way void. His challenge that he did not have proper notice of the charge brought against him, and, as such, the Jefferson Circuit Court lacked jurisdiction against him is entirely unsustainable. The record reveals Appellant had adequate notice that the Commonwealth charged him with the murder of Montez Stewart. Moreover, the Kentucky Supreme Court already addressed this very issue, indicating Appellant had the ability to prepare a defense. *See Malone*, 364 S.W.3d at 126-29.

Accordingly, the circuit court did not commit error when it denied Appellant relief on this ground.

*CR 60.02(f).*

Next, Appellant requests relief pursuant to CR 60.02(f). CR 60.02(f) is a catchall provision for requested relief after a final judgment.

Under this rule, "a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (f) any other reason of an extraordinary nature justifying relief." CR 60.02(f). A court cannot grant relief from a final judgment except in "aggravated cases where there are strong equities." *Reed v. Reed*, 484 S.W.2d 844, 847 (Ky. 1972). Additionally, under the analogous federal rule, "district courts may only grant relief in the face of an 'extraordinary circumstance.'" *See Ackermann v. United States*, 340 U.S. 193, 199, 202, 71 S. Ct.

209, 212-13, 95 L. Ed. 207 (1950); *Klapprott v. United States*, 335 U.S. 601, 69 S. Ct. 384, 93 L. Ed. 266 (1949).

In *Klapprott*, the federal government stripped Klapprott, a U.S. citizen, of his citizenship by default judgment. *See Klapprott*, 335 U.S. at 602-03, 69 S. Ct. at 384-85. In doing so, "Klapprott never had the *mere opportunity* to defend the claims against him . . . ." Andrew P. Lopiano, Comment, *Dumplings Instead of Flowers: The Need for a Case-By-Case Approach to FRCP 60(b)(6) Motions Predicated on a Change in Habeas Corpus Law*, 15 LIBERTY U. L. REV. 111, 122 (Fall 2020) (emphasis in original) (citing *Klapprott*, 335 U.S. at 615, 69 S. Ct. at 390 ("The undenied allegations already set out show that a citizen was stripped of his citizenship by his Government, without evidence, a hearing, or the benefit of counsel, at a time when his Government was then holding the citizen in jail with no reasonable opportunity for him effectively to defend his right to citizenship." *Id.*, 69 S. Ct. at 390)).

Here, Appellant had every opportunity to defend himself against the charges brought. There is no allusion or indication that Appellant suffered from an extraordinary circumstance. To the contrary, we note again that the Kentucky Supreme Court remarked: "Malone received a fundamentally fair trial . . . ." *Malone*, 364 S.W.3d at 134. Accordingly, there are no equities favoring Appellant, and his brief fails to indicate anything to the contrary. Again assuming

this motion was timely, Appellant cannot meet the requirements of CR 60.02(f) to prevail on his motion.

For these reasons, the circuit court did not commit error when it denied Appellant relief under CR 60.02(f).

*Other Miscellaneous Arguments.*

Finally, Appellant raises several arguments, all of which were either addressed by the Kentucky Supreme Court in his direct appeal, addressed by this court in the appeal of the denial of his RCr 11.42, or are arguments Appellant should have brought in his direct appeal but failed to do so and, therefore, waived them. In sum, Appellant claims: (1) his jury instructions contained instructions on both intentional murder and wanton murder, which he claims is error in several ways; and (2) he was denied effective assistance of counsel because his counsel failed to object to the jury instructions presenting both intentional and wanton murder, which he claims is error.

As already indicated, the Kentucky Supreme Court address all merit-based issues involving the jury instructions in Appellant's direct appeal. *Malone*, 364 S.W.3d at 130-32. The Kentucky Supreme Court concluded no error occurred when the circuit court included instructions for both intentional and wanton murder. *Id.* We cannot second guess their decision. Any merit-based challenges to the jury instruction not brought in his direct appeal were waived. "[A] party

may not raise an issue for the first time on appeal[.]" *Koteras v. Commonwealth*, 589 S.W.3d 534, 540 (Ky. App. 2018) (alteration in original) (citations omitted). Thus, the circuit court did not commit error in denying his CR 60.02 motion on these grounds.

Additionally, Appellant filed a RCr 11.42 motion challenging his counsel's performance. *See Malone v. Commonwealth*, No. 2014-CR-00463, 2015 WL 5896557, at *1 (Ky. App. Oct. 9, 2015). RCr 11.42 is the proper vehicle to challenge his counsel's performance; CR 60.02 is not. Additionally, Appellant did not argue that his counsel's failure to object to the jury instructions constituted ineffective assistance of counsel in his RCr 11.42 motion. Thus, we treat that argument as waived and cannot be brought here. Despite this, there appears to be little merit to this argument as the jury instructions contained no error as, again, indicated by the Kentucky Supreme Court its opinion. *See Malone*, 364 S.W.3d at 130-32. Thus, the circuit court did not err when it denied Appellant relief on this ground.

## CONCLUSION

The Jefferson Circuit Court committed no error; we affirm.


ALL CONCUR.

BRIEF FOR APPELLANT:

Kenneth Malone, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky