RENDERED: NOVEMBER 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1379-MR

ROBERT G. HICKS, AS TRUSTEE OF
THE ROBERTA CHERRY HICKS
TESTAMENTARY TRUST AND
ROBERT G. HICKS, INDIVIDUALLY                          APPELLANT


APPEAL FROM CHRISTIAN CIRCUIT COURT
v.            HONORABLE ANDREW SELF, JUDGE
ACTION NO. 20-CI-00875


CITY OF HOPKINSVILLE,
SEWERAGE AND WATER WORKS
COMMISSION, D/B/A
HOPKINSVILLE WATER
ENVIRONMENT AUTHORITY                                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

COMBS, JUDGE: This case involves a utility seeking to obtain an easement over

property owned by a non-resident of Kentucky. Among the contested issues is the

validity of service of process over the Appellants by means of the long-arm statute, KRS[1] 454.210.

Robert G. Hicks, Trustee of the Roberta Cherry Hicks Testamentary Trust, appeals from an amended interlocutory order and judgment of the Christian Circuit Court entered on November 1, 2023. The order was entered in compliance with our remand following Hicks's first appeal to this Court. Hicks argues that the trial court erred by failing to dismiss the action. In the alternative, he argues that the trial court erred by concluding that the trust was properly served with process and that the court was vested with jurisdiction to grant the petition for condemnation filed by City of Hopkinsville, Sewerage and Water Works Commission, d/b/a Hopkinsville Water Environment Authority ("Hopkinsville Water"). After our review, we affirm.

In the interest of judicial economy, we adopt the following statement of relevant facts from our initial opinion rendered on April 8, 2022:

> In approximately 2017, [Hopkinsville Water] sought to begin construction of a public water main adjacent to Highway 41A in Christian County, Kentucky. Prior to commencing construction, [Hopkinsville Water] tried to obtain several utility easements from affected landowners along the path of the construction. [Hicks, in his individual capacity, owns the property sought to be encumbered by the easement as tenants in common with the testamentary trust of which he is the sole trustee].

---

[1] Kentucky Revised Statutes.

[Hicks and Hopkinsville Water] engaged in a series of written communications over the years that followed. Despite diligent effort, [Hopkinsville Water] was unable to persuade [Hicks] to grant the necessary easement. In order to move the project forward, on November 17, 2020, [Hopkinsville Water] filed a petition for condemnation in Christian Circuit Court seeking to secure a utility easement on [Hicks's] parcel pursuant to Kentucky Revised Statutes ("KRS") Chapter 416 (eminent domain).

[Hopkinsville Water] then sought to serve [Hicks], who resides in Florida. [Hopkinsville Water] prepared summonses to be served by and through the Kentucky Secretary of State. The summons to [Hicks] in his individual capacity was mailed by the Secretary of State to an address in Leesburg, Florida, while the summons to [Hicks], Trustee, was mailed to an address in Jacksonville, Florida. Both mailings were sent via certified mail with a return receipt requested.

Thereafter, the Kentucky Secretary of State received notice from the United States Postal Service that the summons addressed to [Hicks in Jacksonville, Florida] was undeliverable. The summons mailed to [Hicks], individually, was presumed to have been delivered, though the Secretary of State did not receive a signed return receipt.

Having received no response from [Hicks], on January 11, 2021, [Hopkinsville Water] filed a motion for interlocutory order and judgment pursuant to KRS 416.610. [Hopkinsville Water] attempted to serve [Hicks] with this motion at the same addresses previously used. [Hicks], individually, received in the mail a copy of the motion.

On January 21, 2021, [Hicks] contacted counsel for [Hopkinsville Water] and stated that he had received [Hopkinsville Water's] motion but was never served with

-3-

the underlying petition. [Hopkinsville Water], through counsel, then emailed to [Hicks] all prior pleadings. [Hicks] immediately filed a motion to dismiss the petition for lack of proper service.

On January 22, 2021, the Christian Circuit Court entered the interlocutory order and judgment pursuant to KRS 416.610. The order and judgment stated that Commissioners had been appointed per KRS 416.580, and that [Hicks] had been properly served with the summons and petition. The court ordered that [Hopkinsville Water] could take possession of the property after payment of $21,000 to the clerk of court. On January 26, 2021, the court denied [Hicks's] motion to dismiss.

Finally, on February 1, 2021, [Hicks] filed a motion to reconsider, along with a supportive affidavit, in which he asserted that he had never been served with the petition in either his individual or Trustee capacities. A hearing on the matter was conducted on February 17, 2021, resulting in an order denying the relief sought.

*Hicks v. City of Hopkinsville*, No. 2021-CA-0219-MR, 2022 WL 1051985, at *1

(Ky. App. Apr. 8, 2022). Hicks appealed both orders to this Court.

In that first appeal, we considered whether Hicks and/or the

testamentary trust had been properly served; whether the circuit court was vested

with jurisdiction over Hicks and/or the testamentary trust; and, ultimately, whether

the circuit court erred by permitting Hopkinsville Water to condemn the property

interests. Rejecting Hicks's contention to the contrary, we concluded that

provisions of Kentucky's long arm statute, KRS 454.210, authorized the

Commonwealth to exercise *in personam* jurisdiction over Hicks both individually

-4-

and as trustee. We concluded that the ownership of interests in real property within our boundaries by Hicks and the testamentary trust established a contact sufficient to invoke the circuit court's jurisdiction over them.

We noted that provisions of KRS 454.210(3) established the Kentucky Secretary of State as agent for service of process of nonresident persons and also described the means by which process was served. We concluded that Hicks, individually, and Hicks, as trustee, are separate and distinct "persons" as contemplated by KRS 454.210(1). We reasoned that the Secretary of State complied with the requirements of this provision by sending separate certified mailings, return receipt requested, to Hicks at the two addresses provided by Hopkinsville Water.

However, although Hicks, individually, had been properly served, the certified mail sent to him in his capacity as trustee in Jacksonville, Florida, was returned to the Secretary of State as undeliverable. We concluded that notice to the testamentary trust was not mailed to the correct address and, consequently, that the trust had not been properly served. We rejected the contention of Hopkinsville Water that service upon Hicks in his individual capacity constituted effective service upon him as trustee. Specifically, we concluded as follows:

> We have no basis for concluding that service to [Hicks], individually, in Leesburg, Florida, constitutes constructive service or other legal notice to [Hicks], Trustee, sufficient to establish jurisdiction over the Trust.

> For purposes of ensuring that each party has received due process, service must be made on every person. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 320, 70 S. Ct. 652, 660, 94 L. Ed. 865 (1950). "No personal judgment shall be rendered against a defendant constructively summoned[.]" KRS 454.165. "Absent an appearance by the party, constructive service alone is not sufficient to subject nonresidents to a personal judgment[.]" *Soileau v. Bowman*, 382 S.W.3d 888, 891 (Ky. App. 2012). Therefore, service on [Hicks], individually, does not constitute constructive service on the Trust.

*Hicks*, 2022 WL 1051985, at *6.

We concluded that Christian Circuit Court lacked jurisdiction over the testamentary trust and its property interest within the Commonwealth until such time as Hicks, as trustee, was properly served with process in the manner prescribed by our long-arm statute. We noted that Hopkinsville Water was free to attempt such service. We regarded Hicks's motion to dismiss the petition as moot and affirmed the court's order denying it, but we remanded the matter for further proceedings.

By its order entered on October 12, 2022, the Supreme Court of Kentucky denied discretionary review and ordered the opinion of this Court not to be published. Accordingly, our opinion resolving the initial appeal and remanding the matter to Christian Circuit Court became final on October 18, 2022.

Upon remand, the circuit court considered the renewed effort of Hopkinsville Water to effect service upon Hicks as trustee of the testamentary

-6-

trust. The trial court observed that Hopkinsville Water sent the summons and a copy of the petition by certified mail through the Secretary of State's office to an address that Hicks confirmed was the correct address for the trust. The Secretary of State's return was duly filed in the record on August 22, 2023. The return recited that the Secretary of State "has received neither the postal return receipt card, nor the undelivered letter." The circuit court determined that Hicks, as trustee, was served with process in accordance with the provisions of our long-arm statute and that the trust was thereby subject to its jurisdiction.

The circuit court's amended interlocutory order and judgment were entered on November 1, 2023. The court determined that commissioners had been appointed pursuant to the provisions of KRS 416.580 and concluded that the commissioners' report conformed to pertinent statutory provisions. Therefore, it concluded that Hopkinsville Water was authorized to exercise the right of eminent domain to condemn the property interest identified in the petition and ordered that Hopkinsville Water take possession of the property after payment of $21,000 to the clerk of court. The court again denied Hicks's motion to dismiss the action as moot. This appeal followed.

Hicks's arguments on appeal "proceed on the basis of the failure of [Hopkinsville Water] to properly establish jurisdiction and effectuate service . . . on an out of state resident." However, the trial court **did not err** by concluding

that Hopkinsville Water established the court's jurisdiction over the trust and its

nonresident agent.

At the time of our remand, Kentucky's long-arm statute, KRS

454.210,[2] provided, in part, as follows:

> (1) As used in this section, "person" includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who is a nonresident of this Commonwealth.
>
> (2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
>
> . . . .
>
>> 6. Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated . . . .

Where personal jurisdiction was authorized by this provision, service of process

was to be made upon the Secretary of State who, for this purpose, was deemed to

be the statutory agent of such person.  KRS 454.210(3).

---

[2] This version of the long-arm statute was in effect from July 27, 2019 to July 14, 2024, the pertinent period of time involving this case.

KRS 454.210(3)(b) provided that the clerk of court in which the action was brought would issue a summons against the defendant named in the complaint. The clerk could execute the summons by transmitting an electronically attested copy of the complaint and summons to the Secretary of State. KRS 454.210(3)(b)(2). The statute then required that the Secretary of State:

> within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint. The letter shall be posted by certified mail, return receipt requested, and shall bear the return address of the Secretary of State. The clerk shall make the usual return to the court, and in addition the Secretary of State shall make a return to the court showing that the acts contemplated by this statute have been performed, and shall attach to his return the registry receipt, if any. **Summons shall be deemed to be served on the return of the Secretary of State** and the action shall proceed as provided in the Rules of Civil Procedure.

KRS 454.210(3)(c) (emphasis added).

On June 26, 2023, the clerk issued the summons and executed it by forwarding it to the Office of the Secretary of State along with a copy of the petition. On this date, the Secretary of State's office forwarded a copy of the summons and petition by certified mail to Hicks, as trustee, to the correct address, return receipt requested. The Secretary of State's return was filed of record on August 22, 2023. The return recited that the Secretary of State "has received neither the postal return receipt card, nor the undelivered letter." These actions

-9-

conformed to the statute's requirements, and Hicks, as trustee, was deemed to have been properly served. The trust became subject to the jurisdiction of the circuit court.

We are not persuaded by Hicks's contention that due process requires the Secretary of State's office to "send process out for service again" and again to the same address until it can show that delivery was either actually effectuated or refused. It suffices that Hicks, as trustee, was made aware through provisions of our long-arm statute that the trust could be "haled into court" in this jurisdiction; that summons against him (as trustee) was properly issued and executed; and that he was provided notice of the proceeding reasonably calculated to reach him. As we observed in our initial opinion, actual notice of the proceedings is not required to effectuate service. *HP Hotel Management, Inc. v. Layne*, 536 S.W.3d 208 (Ky. App. 2017) (citing *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606 (Ky. App. 1979)). Similarly, the lack of a signed return receipt of delivery does not render the service invalid.

Kentucky's long-arm statute is the proper means by which to give notice to a non-resident condemnee that he may be subject to our jurisdiction. That conclusion does not rest on the law-of-the -case doctrine as argued by Hicks in his brief. Instead, it rests on application of the rationale previously expressed in our initial decision. While Hicks describes that opinion variously as "egregious,"

"dubious," "untenable," and an "outlier," the Supreme Court of Kentucky declined to accept review. (A petition for writ of *certiorari* filed with the Supreme Court of the United States was also denied.) Consequently, we are not persuaded that our explanation of the applicability and operation of our long-arm statute under the circumstances of this case is incorrect.

Finally, Hicks argues that the condemnation of the trust's property rights without proper service violated his constitutional right to due process. Having determined that Mr. Hicks, as trustee, was properly served, we conclude this argument is moot.

Parenthetically, we have noted Hicks's wholly unsupported allegation that counsel for Hopkinsville Water engaged in *ex parte* communication with the court prior to entry of its order. His own choice of adjectives ("egregious," "dubious," and "untenable") aptly describes the nature of his arbitrary and contemptuous allegations. We refrain from additional comment.

We affirm the interlocutory order and judgment of the Christian Circuit Court.


ALL CONCUR.

-11-

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Robert G. Hicks, *pro se*                    Duncan Cavanah
Macclenny, Florida                           Hopkinsville, Kentucky